```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

EMMETT T. WINDSOR,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )       No. 4:06 CV 1310 DDN
                                  )
PARKWAY SCHOOL DISTRICT,          )
                                  )
            Defendant.            )

**MEMORANDUM AND ORDER**
**REGARDING BILL OF COSTS**

This action is before the court on the motion of defendant Parkway School District (Parkway) for an order taxing costs. (Doc. 36.) As the prevailing party, Parkway maintains that Rule 54(d), Federal Rules of Civil Procedure, entitles it to an award of costs in the amount of $1,135.12. The amount represents the fees for transcripts obtained from the court reporter and the fees for obtaining copies of plaintiff Emmett T. Windsor's medical records. Windsor did not file a response to Parkway's bill of costs.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

On August 30, 2006, Windsor filed suit against Parkway under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., alleging he was fired from his job because of his disability and in violation of the ADA. He also alleged Parkway failed to reasonably accommodate his disability as required by the ADA. On January 15, 2008, the court granted Parkway's motion for summary judgment.

**II.  DISCUSSION**

Under Rule 54(d), "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Under the rule, there is a presumption that the prevailing party be awarded costs. Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir. 2000). In fact, a court must articulate a good reason for denying or reducing a prevailing party's request for costs. Baez v. U.S. Dep't of Justice, 684 F.2d 999,

1004 (D.C. Cir. 1982) (en banc). That said, a district court still retains substantial discretion in awarding costs to the prevailing party. Greaser v. State of Mo., Dep't of Corrs., 145 F.3d 979, 985 (8th Cir. 1998).

Fees for the transcripts obtained from the court reporter are specifically covered under Rule 54(d). 28 U.S.C. § 1920(2). Unless the opposing party states a specific objection that a deposition was conducted improperly or prolonged unnecessarily, the deposition costs will be taxed in favor of the prevailing party. Hollenbeck v. Falstaff Brewing Corp., 605 F. Supp. 421, 439 (E.D. Mo. 1984), aff'd, 780 F.2d 20 (8th Cir. 1985). Fees associated with the copying of necessary documents are also covered under Rule 54(d). 28 U.S.C. § 1920(4).

In this case, Parkway's motion for costs involves fees to the court reporter for depositions and for copying medical records - expenses specifically authorized by the statute. In addition, Windsor has not made any specific objections regarding the fees associated with taking the depositions or copying the medical records. The court will award the transcript and copying fees, subject to the following.

Certain costs should be subtracted from the deposition transcript and medical record charges. Section 1920 does not authorize taxing postage and delivery expenses. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889-90 (8th Cir. 2006); Hodak v. City of St. Peters, No. 4:04 CV 1099, 2007 WL 674249, at *3 (E.D. Mo. Feb. 28, 2007); Hollenbeck, 605 F. Supp. at 439. As a result, the postage and handling fees of $23.38[1] are deducted.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of defendant Parkway School District for costs (Doc. 36) is granted in part and denied in part.

**IT IS HEREBY ORDERED** that defendant Parkway School District recover the sum of $1,111.74 from the plaintiff Emmett Windsor as costs.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 19, 2008.

---

[1] See Doc. Ex. C-$7.00, Ex. D-$8.50, Ex. E-$3.83, and Ex. G-$4.05.